**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| GREAT WEST LIFE & ANNUITY INSURANCE COMPANY | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-03-951 |
| INFORMATION SYSTEMS & NETWORKS CORP., | * | |
| Defendant. | * | |

\*\*\*\*\*

## MEMORANDUM OPINION

Great West Life & Annuity Insurance Company ("Great West" or "Plaintiff") brings this action against Information Systems & Networks Corp. ("ISN" or "Defendant"), asserting claims of breach of contract and unjust enrichment. Great West alleges that ISN failed to reimburse it for payments it made in connection with an ERISA employee benefits plan that Great West administered on ISN's behalf. Currently pending before the Court is ISN's Motion to Dismiss [7]. ISN argues that Great West's complaint must be dismissed because (1) it asserts state law claims that are preempted by ERISA and (2) Great West lacks standing to assert claims under ERISA's civil enforcement provision. After holding a hearing on January 28, 2004, the Court stayed this action pending a ruling by the Fourth Circuit Court of Appeals in *Information Systems & Networks Corp. v. Principal Life Ins. Co.*, a case involving issues similar to those presented in the instant matter. The Fourth Circuit has since issued its ruling, which the parties have addressed through supplemental briefing. No further hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons that follow, ISN's Motion to Dismiss will be denied.

1

**I.      FACTUAL & PROCEDURAL BACKGROUND**

In September 2000, Great West contracted with ISN to establish and maintain ISN's Employee Health and Welfare Benefit Plan ("the Plan"), an ERISA-governed employee health insurance plan. The agreement between the parties was memorialized in four interrelated contracts: an Administrative Services Agreement, a Stop-Loss Contract, an insurance agreement, and a BenLink license agreement.

Under the Administrative Services Agreement, Great West was to provide non-discretionary administrative claims processing services for the self-insured medical, dental, vision, and prescription drug benefits offered by ISN to its employees. ISN, in turn, was required to reimburse Great West for properly paid benefit claims, to the extent those payments were within the limits of ISN's responsibility under the self-insured portion of the Plan. Great West also received a flat, monthly fee for various services provided under the Services Contract. The second agreement, the Stop-Loss Contract, provided that Great West would provide insurance coverage for benefit claims for amounts above ISN's responsibility under the self-insured portion of the Plan. ISN paid Great West a premium for this stop-loss coverage. The third agreement, the insurance agreement, provided for life insurance and accidental death, dismemberment, and loss of sight benefits. Great West fully insured these claims in exchange for a premium paid by ISN. Under the last agreement, the BenLink License agreement, ISN was provided with on-line access to data concerning participants, beneficiaries, and benefit claims relating to the Plan. ISN's only financial obligation under this agreement was responsibility for internet service and long distance charges.

The Plan became effective September 1, 2000. Great West alleges that it fulfilled its obligations under the four agreements, but was notified by ISN in a letter dated December 28, 2000

of ISN's intention to terminate the parties' relationship effective February 1, 2001. Thereafter, Great West demanded reimbursement for $93,999.73, representing the amount of benefit claims allegedly paid out by Great West under the self-insured portions of the Plan. ISN refused to pay, and, on April 2, 2003, Great West brought suit in this Court, on the basis of diversity jurisdiction, seeking $93,999.73 in damages. Count I of the Complaint asserts a claim for breach of contract. Count II seeks quasi-contractual relief for unjust enrichment. On July 28, 2003, ISN moved to dismiss the Complaint for failure to state a claim upon which relief may be granted. Following a January 28, 2004 hearing on ISN's motion to dismiss, the Court stayed this action until the Fourth Circuit Court of Appeals ruled in *Information Systems & Networks Corp. v. Principal Life Ins. Co.* ("*Principal Life*"), a case in which ISN brought suit against a third-party administrator for improper claims processing. On June 8, 2004, the Fourth Circuit issued its ruling in *Principal Life*. *See* 2004 WL 1244290 (4th Cir. Jun. 8, 2004) (per curiam) (unpublished). On October 25, 2005, this Court entered an order reopening this action and directing the parties to file supplemental briefs addressing the Fourth Circuit's ruling in *Principal Life*. The parties have done so, and the Court now issues this opinion.

## II.   STANDARD OF REVIEW

Under Rule 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249,

251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

### III.   ANALYSIS

The parties do not dispute that the underlying employee benefits plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*[1] In addition, for purposes of this motion, the parties agree that Plaintiff lacks standing to pursue a claim under ERISA's civil enforcement provision, § 502, which provides that a civil action may be brought by "a participant, beneficiary, or fiduciary." 29 U.S.C. § 1132(a).[2] Thus, the sole issue in

---

[1] Page one of the Plan provides that it "is an Employee benefit plan within the meaning of the Employee Retirement Income Security Act of 1974 . . . ." (Compl., Ex. A at 1.)

[2] In its opposition brief, Great West states that it:

4

contention is whether Plaintiff's common law claims are preempted because they "relate to" an ERISA plan. Plaintiff advances two arguments against preemption First, Plaintiff contends that its contractual claims, which arise from non-discretionary payments made under the Administrative Services Agreement, do not sufficiently "relate to" the Plan so as to warrant preemption. Second, Plaintiff argues that because it does not have standing to assert a federal ERISA claim under § 502's civil enforcement provision, the Court must find that its state law claims are not preempted; to hold otherwise, Plaintiff suggests, would be to subject it to a wrong without a remedy. For reasons stated below, the Court concludes that Plaintiff's common law claims do not necessarily "relate to" an ERISA plan. Consequently, Defendant's motion to dismiss shall be denied on that ground, and the Court need not address, at the present time, Plaintiff's alternative argument against preemption.

A.   Preemption

---

> does not concede that it does not have a valid claim to assert under ERISA's civil enforcement provisions. . . . For purposes of ISN's Motion to Dismiss, however, ISN is bound by its pleading that Great-West has no such claims. In the event that the Court should conclude that Great-West's claims are preempted in the instant litigation, Great-West should be afforded the opportunity to assert claims pursuant to ERISA.

(Great West's Brief in Opp. to Def.'s Mot. to Dismiss at 7 n.2.) Furthermore, the Plan appears to have been carefully drafted to shield Plaintiff from liability (and, by the same token, deprive it of standing) as a fiduciary under ERISA. Specifically, the Plan provides:

> *It is expressly agreed that under no circumstances will Great-West be designated as plan administrator or a fiduciary of the Plan.* Nothing herein will be deemed to constitute Great-West a party to the Plan or to confer upon Great-West any authority or control respecting management of the Plan, authority or responsibility in connection with administration of the Plan or responsibility for the terms or validity of the Plan.

(Compl., Ex. A at 4.) (emphasis added).

ERISA is a "comprehensive" regulatory scheme "designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137 (1990). To facilitate this goal, ERISA contains a broad preemption clause intended "to eliminate the threat of conflicting or inconsistent state and local regulation of employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987); *see Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 (1981) (noting that by enacting ERISA, Congress "meant to establish pension plan regulation as exclusively a federal concern"). ERISA's preemption clause, once described as "conspicuous for its breadth," *FMC Corp v. Holliday*, 498 U.S. 52, 58 (1990), provides, in pertinent part, that ERISA "shall supersede any and all State laws insofar as they . . . *relate to* any employee benefit plan." 29 U.S.C. § 1144(a) (emphasis added). Common law causes of action, such as the contractual claims at issue here, are encompassed within the meaning of "State laws." *Gresham v. Lumbermen's Mut. Cas. Co.*, 404 F.3d 253, 258 (4th Cir. 2005); 29 U.S.C. § 1144(c)(1). A state law "relates to" an ERISA plan "if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).

The scope of ERISA preemption, while broad, is not unlimited. Some state causes of action "may affect employee benefit plans in too tenuous, remote or peripheral a manner to warrant finding that the law 'related to' the plan." *Id.* at 100 n.21. In *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers*, 514 U.S. 645 (1995), the Supreme Court provided guidance regarding the reach of ERISA's preemption clause. That decision, which was interpreted by the Fourth Circuit to "signal[] a narrowing of the Court's view of ERISA preemption," *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1469 n.14 (4th Cir. 1996), emphasized that preemption claims must be analyzed "with the starting presumption that Congress does not intend to supplant state law."

6

*Travelers*, 514 U.S. at 654.³ The Court in *Travelers* "went beyond the unhelpful text [of § 1144(a)] and the frustrating difficulty of defining its key term ["relates to"], and look[ed] instead to the objectives of the ERISA statute" to determine the boundaries of ERISA preemption. *Coyne*, 98 F.3d at 1468 (quoting *Travelers*, 514 U.S. at 656). In doing so, the Court highlighted three specific categories of state laws that Congress intended to supersede under ERISA's preemption clause: (1) laws that mandate employee benefit structures or their administration; (2) laws that bind employers or plan administrators to particular choices or preclude uniform administrative practice; and (3) laws that provide alternate enforcement mechanisms for employees to obtain ERISA plan benefits. *Coyne*, 98 F.3d at 1648. These three preemption categories provide a guide for determining whether a particular state law "relates to" an ERISA plan. *Darcangelo v. Verizon Communications, Inc.*, 292 F.3d 181, 190 (4th Cir. 2002). In addition, the Fourth Circuit has determined that a state law of general applicability should not be preempted unless it affects relations between traditional plan entities, including the principals, the employer, the plan, the plan fiduciaries, and the beneficiaries. *Metropolitan Life Ins. Co. v. Pettit*, 164 F.3d 857, 862 (4th Cir. 1998); *LeBlanc v. Cahill,* 153 F.3d 134, 147 (4th Cir. 1998); *Coyne*, 98 F.3d at 1468; *Custer v. Sweeney*, 89 F.3d 1156, 1167 (4th Cir. 1996).⁴

---

³In *Travelers*, the Supreme Court also noted that "[i]f 'relate to' were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes preemption would never run its course, for '[r]eally, universally, relations stop nowhere.'" 514 U.S. at 655.

⁴This "relationship-centered" inquiry is consistent with the approach adopted in other circuits. *See, e.g., Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 698 (6th Cir. 2005)*; Gerosa v. Savasta & Co.*, 329 F.3d 317, 324 (2d Cir. 2003); *Ariz. State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 724 (9th Cir. 1997); *In Home Health, Inc. v. Prudential Ins. Co. of America*, 101 F.3d 600, 605 (8th Cir. 1996); *Morstein v. Nat'l Ins. Servs., Inc.*, 93 F.3d 715, 722-23 (11th Cir. 1996); *Airparts Co., Inc. v. Custom Benefit Servs.*, 28 F.3d 1062, 1066 (10th Cir. 1994).

In this case, it cannot be said at the motion to dismiss stage that ERISA preempts Plaintiff's contract-based claims. Plaintiff seeks reimbursement for non-discretionary benefit payments made under an administrative services agreement. As a third-party, non-fiduciary administrator, its claims do not implicate the relationships between core ERISA entities—"the employer, the plan, the plan fiduciaries, and the beneficiaries." *Korman v. MAMSI Life & Health Ins Co.*, 121 F. Supp. 2d 843, 847 (D. Md. 2000). Furthermore, the adjudication of Plaintiff's claims would not necessarily trespass on the three areas of concern identified in *Travelers*. Specifically, Plaintiff's suit does not mandate employee benefit structures or their administration, does not bind employers or plan administrators to particular choices or preclude uniform plan administration, and does not provide an alternate enforcement mechanism for employees to obtain ERISA plan benefits. Rather, it is an action to recover costs incurred while performing non-discretionary administrative services on behalf of an ERISA entity. The Court disagrees with Defendant's argument that preemption is mandated because the Court will be required, when evaluating the merits of Plaintiff's claims, to interpret the terms of the Plan, determine whether payments were properly made, and determine whether Plaintiff failed to make other payments that should offset the amount claimed. As alleged in the Complaint, Defendant is liable for all of the claims payments made by Plaintiff on its behalf; Defendant's intimation that it may advance a substantive defense premised on Plaintiff's own breach of its contractual duties is, like its concern that the Court will be required to delve into the minutiae of the underlying ERISA plan, merely speculative at this time. Defendant will have the opportunity to reassert this argument in a motion for summary judgment if discovery so warrants. Furthermore, the fact that Plaintiff's claims may implicitly refer to an ERISA plan and require examination of an ERISA plan is not, in and of itself, sufficient for the Court to find that those claims are preempted.

*See, e.g., Coyne*, 98 F.3d at 1472 (no preemption even though resolution of plaintiff's claims "may require the court to examine some provisions of an ERISA plan"); *see also Skilstaf, Inc. v. Adminitron, Inc.*, 66 F. Supp. 2d 1210 (M.D. Ala. 1999) (where administrator's role limited to non-discretionary "ministerial claims processing," court rejected argument for preemption based on need to refer to plan to calculate damages).

The conclusion reached by this Court is supported by the decision of the United States District Court for the Eastern District of Virginia in *Trigon Insurance Company v. Columbia Naples Capital, LLC*, 235 F. Supp. 2d 495 (E.D. Va. 2002) which, although not binding upon this Court, addresses a similar factual scenario and is, in the Court's view, persuasive.[5] In *Trigon*, a third-party claims administrator sought recovery of benefit costs and other fees allegedly due under an administrative services agreement from the employer/sponsor of a self-funded employee benefit plan. In holding that ERISA would not preempt a state-law remedy for breach of contract, the court noted that:

> Trigon seeks payment for services it claims it rendered but was not paid for under the ASA and/or the Letter Agreement. Its claim, therefore, is simply a claim to be paid money it says it is owed under a contract. It does not implicate the goal of uniform plan administration or regulate the terms of a plan or the type of benefits a plan may provide.

*Trigon*, 235 F. Supp. 2d at 506.[6] Similar reasoning was also employed by the Ninth Circuit Court of Appeals in *Geweke Ford v. St. Joseph's Omni Preferred Care Incorporated*, 130 F.3d 1355 (9th

---

[5]Plaintiff relies heavily on *Trigon* in its opposition brief.

[6]However, finding that it lacked jurisdiction over plaintiff's federal claims, the court in *Trigon* declined supplemental jurisdiction and dismissed the common law claims without prejudice so that plaintiff could file in state court. *Trigon*, 235 F. Supp. 2d at 507.

Cir. 1997). Although *Geweke* presents a somewhat different set of facts than the present action (it involved an employer's claims against third-party administrators, rather than an administrator's claims against an employer), the gravamen of the plaintiff's complaint—that the defendants breached their contractual obligations to reimburse the plaintiff for benefits paid out under an ERISA plan, *id.* at 1357—is esentially the same as here. The Ninth Circuit held that because the plaintiff's contractual claims "do not produce direct regulation of ERISA plans or 'acute, albeit indirect, economic effects, by intent or otherwise, as to force an ERISA plan to adopt a certain scheme of substantive coverage or effectively restrict its choice of insurers,'" the state claims were not preempted. *Id.* at 1359 (quoting *Travelers*, 514 U.S. at 668). The court also found that the plaintiff's claims fell outside the three specific areas of concern highlighted in *Travelers*, and that "[plaintiff's] claims arise from state laws of general application, do not depend upon ERISA, and do not affect the relationships between the principal ERISA participants." *Id.* at 1360. In the instant case, Plaintiff's contractual claims likewise arise from state laws of general application, do not depend upon ERISA, and, as discussed above, do not affect relations between core ERISA entities.

Defendant contends that *Trigon*, *Geweke*, and the other cases cited by Plaintiff in support of its argument against preemption are contradicted by Fourth Circuit authority and by the Court of Appeals' recent ruling in *Principal Life*, which the parties and this Court anticipated might help to resolve the issues in contention here. However, the chief authorities cited by Defendant are distinguishable from the present case, as is the Fourth Circuit's brief, unpublished decision in *Principal Life*. Specifically, the cases Defendant relies upon involved claims for benefits under ERISA plans or allegations of improper claims processing. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987) (holding that claims based on "improper processing of a claim for benefits under

10

an employee benefit plan . . . undoubtedly meet the criteria for preemption under § 514"); *Tri-State Mach., Inc. v. Nationwide Life Ins. Co.*, 33 F.3d 309, 314 (4th Cir. 1994) (finding that "[a]ll of [plaintiff's] allegations are essentially complaints about the processing of claims under an employee benefit plan and, therefore, relate to the plan"); *Custer v. Pan American Life Ins. Co.*, 12 F.3d 410, 420 (4th Cir. 1993) (finding plan participant's claim for health care benefits under an ERISA plan preempted); *Strategic Outsourcing, Inc. v. Commerce Benefits Group Agency,* Inc., 54 F. Supp. 2d 566 (W.D.N.C. 1999) (finding claims alleging improper plan administration are preempted); *All Risks Ltd. v. The Equitable Life Assurance Society*, 941 F. Supp. 409, 413 (D. Md. 1996) (same). Here, the Complaint seeks neither recovery of benefits nor damages based on claims processing errors; rather, Plaintiff invokes its contractual right to reimbursement under an administrative services agreement distinct from, if not entirely independent of, the underlying ERISA plan. That Defendant may seek to avoid liability by alleging improper claims processing on Plaintiff's part—an argument that has not yet been asserted—does not alter the Court's analysis. Moreover, many of the authorities cited by Defendant predate the Supreme Court's decision in *Travelers*, which "signal[ed] a narrowing of the Court's view of ERISA preemption." *Coyne*, 98 F.3d at 1469 n.14.

Finally, the Court does not believe that the Fourth Circuit's ruling in *Principal Life* compels dismissal of this action. In *Principal Life*, ISN brought claims for breach of contract and negligence against a third party administrator, alleging that the defendant's claims administration errors resulted in the improper disbursement of $300,000 in benefits. Affirming the district court's preemption-based dismissal of the case, the Court of Appeals found that "the gravamen of ISN's complaint is that certain distributions made by [defendant] were erroneous because the beneficiaries were not entitled to those distributions *under the terms of the Plan*." *Principal Life*, 2004 WL 1244290, at *1.

The court then concluded that because ISN's cause of action was premised on the existence of an employee benefits plan, its claims were preempted by ERISA. However, as noted previously, Plaintiff's claims here are not based on claims processing errors, but upon its right to reimbursement under the Administrative Services Agreement. As such, *Principal Life* is inapposite to the case at hand.[7]

**IV.   CONCLUSION**

For all of the aforementioned reasons, the Court finds that ISN's claims are not preempted by ERISA. Accordingly, Defendant's Motion to Dismiss [7] shall be DENIED.  A separate Order follows.


Date:   April 4, 2006                                               /s/
                                                         Alexander Williams, Jr.
                                                         United States District Court Judge

---

[7] The Court also notes that unpublished opinions are not binding precedent in the Fourth Circuit. *See* Local Rule 36(c) (4th Cir.).