**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| GREAT WEST LIFE & ANNUITY | * | |
| INSURANCE COMPANY | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-03-951 |
| | * | |
| INFORMATION SYSTEMS & | * | |
| NETWORKS CORP., | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>**MEMORANDUM OPINION**</u>

Great West Life & Annuity Insurance Company ("Great West" or "Plaintiff) brings this action against Information Systems & Networks Corp. ("ISN" or "Defendant"), asserting claims of breach of contract and unjust enrichment. Currently pending before the Court is Plaintiff's Motion for Summary Judgment [37] and Defendant's Cross-Motion for Summary Judgment [42]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motions. On April 12, 2007, the Court held a hearing concerning the motions and heard from all the parties. Having considered the arguments of Plaintiff and Defendant, and for the reasons articulated at the hearing and briefly discussed below, the Court will GRANT Plaintiff's motion for summary judgment and DENY Defendant's cross-motion for summary judgment.

**FACTUAL & PROCEDURAL BACKGROUND**

In September 2000, Great West contracted with ISN to establish and maintain ISN's Employee Health and Welfare Benefit Plan ("the Plan"), an ERISA-governed employee health insurance plan. The agreement between the parties was memorialized in four interrelated contracts:

1

an Administrative Services Agreement, a Stop-Loss Contract, an insurance agreement, and a BenLink license agreement (collectively, the "Contract").   Under the Administrative Services Agreement, Great West was to provide non-discretionary administrative claims processing services for the self-insured medical, dental, vision, and prescription drug benefits offered by ISN to its employees.  ISN, in turn, was required to reimburse Great West for properly paid benefit claims, to the extent those payments were within the limits of ISN's responsibility under the self-insured portion of the Plan.  Great West also received a flat, monthly fee for various services provided under the Services Contract.

The Plan became effective September 1, 2000.  Great West alleges that it fulfilled its obligations under the four agreements, but was notified by ISN in a letter dated December 28, 2000 of ISN's intention to terminate the parties' relationship effective February 1, 2001.  Thereafter, Great West demanded reimbursement for $93,999.73, representing the balance amount of benefit claims paid out by Great West under the self-insured portions of the Plan.[1]  ISN refused to pay, and on April 2, 2003, Great West brought this suit in this Court, on the basis of diversity jurisdiction, seeking $93,999.73 in damages.  Count I of the Complaint asserts a claim for breach of contract. Count II seeks quasi-contractual relief for unjust enrichment.  On July 29, 2003, ISN moved to dismiss the Complaint for failure to state a claim upon which relief may be granted.  Following a January 29, 2004 hearing on ISN's motion to dismiss, the Court stayed this action until the Fourth Circuit Court of Appeals ruled in *Information Systems & Networks Corp. v. Principal Life Ins. Co ("Principal Life")*, a case in which ISN brought suit against a third-party administrator for improper

---

[1]  During the April 19, 2007 Motions Hearing, when asked by the Court, the parties agreed that the $93,999.73 figure, the amount of money of Plaintiff alleges was paid out by Great West, is not in dispute.

claims processing.  On June 8, 2004, the Fourth Circuit issued its ruling in *Principal Life*. *See* 2004 WL 1244290 (4th Cir. Jun. 8, 2004) (per curiam)(unpublished).  On October 25, 2005, this Court entered an order reopening this action and directing the parties to file supplemental briefs addressing the Fourth Circuit's ruling in *Principal Life*.  Subsequently, on April 4, 2006, this Court issued a Memorandum Opinion and Order denying Defendant's Motion to Dismiss [7], finding that ISN's claims are not preempted by ERISA.  Currently pending is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment.  Discovery has been completed.  The motions are ripe and the Court now issues this Memorandum Opinion.

## STANDARD OF REVIEW

### *Motion for Summary Judgment*

Under the Federal Rules of Civil Procedure, a party is entitled to summary judgment if it demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the non-moving party's case.  *Celotex*, 477 U.S. at 325. When faced with a motion for summary judgment, Rule 56(e) requires the non-moving party "to go beyond the pleadings" and show the existence of a genuine issue for trial, by way of affidavits, deposition testimony, or answers to interrogatories.  *Id.* at 324; *see also Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences.  *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir.

1985).

When both parties file motions for summary judgment, as here, the court applies the same standards of review. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991); *ITCO Corp. v. Michelin Tire Corp.*, 722 F.2d 42, 45 n. 3 (4th Cir. 1983) ("The court is not permitted to resolve genuine issues of material fact on a motion for summary judgment - even where ... both parties have filed cross motions for summary judgment.")(emphasis omitted), *cert. denied*, 469 U.S. 1215 (1985). The role of the court is to "rule on each party's motion on an individual and separate basis, determining, in each case, whether a judgment may be entered in accordance with the Rule 56 standard." *Towne Mgmt. Corp. v. Hartford Acc. & Indem. Co.*, 627 F. Supp. 170, 172 (D. Md. 1985). "[B]y the filing of a motion [for summary judgment] a party concedes that no issue of fact exists under the theory he is advancing, but he does not thereby so concede that no issues remain in the even his adversary's theory is adopted." *Nafco Oil & Gas, Inc. v. Appleman*, 380 F.2d 323, 325 (10th Cir. 1967); *see also McKenzie v. Sawyer*, 684 F.2d 62, 68, n.3 (D.C.Cir. 1982) ("[N]either party waives the right to a full trial on the merits by filing its own motion."). However, when cross-motions for summary judgment demonstrate a basic agreement concerning what legal theories and material facts are dispositive, they "may be probative of the non existence of a factual dispute." *Shook v. United States*, 713 F.2d 662, 665 (11th Cir. 1983).

## ANALYSIS

As Defendant is arguing that Plaintiff's claims are preempted by ERISA, the Court will first address Defendant's cross-motion for summary judgment because if Defendant's motion is granted, Plaintiff's motion for summary judgment would be moot.

### *Defendant's Cross-Motion for Summary Judgment*

Before discussing Defendant's Cross-Motion for Summary Judgment, the Courts finds it necessary to summarize its initial findings, which are directly applicable to the issues now in dispute. The Court previously denied Defendant's motion to dismiss, disagreeing with Defendant's argument that preemption was mandated because the Court would be required, when evaluating the merits of Plaintiff's claims, to interpret the terms of the Plan, determine whether payments were properly made, and determine whether Plaintiff failed to make other payments that should offset the amount claimed. However, in the Memorandum Opinion denying Defendant's motion to dismiss, the Court noted that Defendant would have the opportunity to reassert this argument in a motion for summary judgment *if discovery so warrants*. (paper no. 26 at 8) (emphasis added). Furthermore, the Court concluded that the Great West claims were not linked to the Health Plan as Plaintiff was not seeking recovery of benefits or damages based on claims processing error, but instead invoking its contractual right to reimbursement under an administrative services agreement distinct from, if not entirely independent of, the underlying ERISA Plan (paper no. 26 at 11). Because the Defendant has not presented anything additional or cogent to further support its position, the Court reasserts its earlier findings.

Subsequent to the Court's April 4, 2006 Memorandum Opinion and Order, Defendant now files its Cross-Motion for Summary Judgment alleging that Plaintiff's claims are preempted under a new preemption argument. Shifting from its previous preemption argument, discussed *supra*, Defendant now asserts that because the Great West Agreements arose from one of the three components of the ISN's Health Plan, they are related and, therefore, preempted by ERISA. The Court finds that Defendant has failed to adduce any evidence that would require an interpretation of the terms of the Plan so as to potentially implicate ERISA concerns. Moreover, contrary to

5

Defendant's assertion that Great West was the Plan Administrator, the Plan itself specifically provides:

> *It is expressly agreed that under no circumstances will Great-West be designated as plan administrator or a fiduciary of the Plan.* Nothing herein will be deemed to constitute Great-West a party to the Plan or to confer upon Great-West any authority or control respecting management of the Plan, authority or responsibility in connection with administration of the Plan or responsibility for the terms or validity of the Plan.

(Compl., Ex. A at 4.) (emphasis added).   Furthermore, the Court does not believe that Congress intended for breach of contract claims of this nature involving administrative service agreements between a fiduciary (ISN) and a service provider (Great West) retained by the fiduciary, to be preempted by ERISA.   There is no need to interpret the terms of the plan in evaluating the merits of the service provider's claims.   Therefore, the Court DENIES Defendant's cross-motion for summary judgment.

***Plaintiff's Motion for Summary Judgment***

1.  Breach of Contract Claim

To prevail in an action for breach of contract, the plaintiff must prove that the defendant had a contractual obligation and that the obligation was breached.   *Taylor v. Nations Bank, N.A.*, 776 A.2d 645 (Md. 2001).   It is the parties' agreement that ultimately determines whether there has been a breach.   Maryland follows the objective law of contract interpretation and construction.   *Adloo v. H.T. Brown Real Estate, Inc.*, 686 A.2d 298, 304 (Md. 1996).   As explained in *General Motors Acceptance Corp. v. Daniels*, 492 A.2d 1306, 1310 (Md. 1985) (citations omitted), that means:

> A court construing an agreement under this test must first determine from the language of the agreement itself what a reasonable person in the position of the parties would have meant at the time it was effectuated.   In addition, when the language of the contract is plain

6

> and unambiguous there is no room for construction, and a court must
> presume that the parties meant what they expressed. In these
> circumstances, the true test of what is meant is not what the parties
> to the contract intended it to mean, but what a reasonable person in
> the position of the parties would have thought it meant.
> Consequently, the clear and unambiguous language of an agreement
> will not give away [sic] to what the parties thought that the agreement
> meant or intended it to mean.

As a result, when the contractual language is clear and unambiguous, and in the absence of fraud,

duress, or mistake, parol evidence is not admissible to show the intention of the parties or to vary,

alter, or contradict the terms of that contract.  *See Truck Insurance Exchange v. Marks Rentals, Inc.*

418 A.2d 1187, 1190 (Md. 1980).  Plaintiff claims that, here, there is no dispute about the terms of

the Contract nor the fact that Great West performed its obligations under the Contract.  In fact,

Defendant's own Chief Financial Officer, Charles Bonnucelli, who served as the plan administrator,

acknowledged these obligations in his deposition testimony when he testified that his understanding

was that Great West was administering the benefits and that ISN was responsible for payment of the

benefits up to a certain level; then after that there was excess insurance coverage to cover that

amount; and that ISN would be paying for those benefits over the months.  (Bonnucelli Dep. 23: 8-

23: 16).

Therefore, the Court finds that Great West agreed to perform such services involving the

performance of non-discretionary duties as are specified in the Schedule of Services marked

Schedule "A" and in return, ISN was to advise its bank that Great West was authorized to demand

monies payable by ISN for checks issued for benefit payments made by Great West under the Plan.

Here, as Plaintiff has established on the record that Bonnucelli, ISN's CFO, recommended to Roma

Malkani, ISN's President and Chief Executive Officer, on at least two occasions that ISN pay the

Great West claim for benefits payments issued in the amount of $93,999.73 (Bonnucelli Dep. 41:10 -

42:4; 59:20-12) and where Ms. Malkani, ignored his recommendations and still unilaterally directed Citibank to close its bank account used to transfer funds to Great West (Malkani Dep., 34:5 - 35:4), the Court finds Plaintiff has sufficiently demonstrated that Defendant was in breach of its contract.

Defendant claims that it does not know what claims were paid by the service provider or whether, in fact, they were properly paid. Defendants further posits that Plaintiff was the one that breached the contract by failing to timely provide any information or documentation with respect to the payments made. The Court finds these assertions to be but bald allegations. Plaintiff appropriately pointed out in its briefings and at the hearing that Defendant took no depositions, conducted very little, if any discovery, and simply failed to develop any evidence of improper payments under the service agreement. In sum, Plaintiff has presented a mound of evidence to support its breach of contract claim and Defendant had come far short of pointing out any genuine issues of material fact in dispute. Accordingly, the Court GRANTS Plaintiff's motion for summary judgment as to Plaintiff's breach of contract claim.

2. Unjust Enrichment Claim

In an action for unjust enrichment, the burden is on the plaintiff to establish that the defendant holds plaintiff's money and that it would be unconscionable for him to retain it. *Plitt v. Greenberg*, 219 A.2d 237 (Md. 1966). Under Maryland law, a claim of unjust enrichment is established when: (1) the plaintiff confers a benefit upon the defendant; (2) the defendant knows or appreciates the benefit; and (3) the defendant's acceptance or retention of the benefit under the circumstances is such that it would be inequitable to allow the defendant to retain the benefit without paying of value in return. *Benson v. State*, 887 A.2d 515 (Md. 2005). However, here, as the Court will GRANT Plaintiff's motion for summary judgment as to its breach of contract claim, it does not

need to address the alternative argument for unjust enrichment.

## CONCLUSION

For all the reasons articulated, in part, here, and more fully set forth in the hearing, the Court will GRANT Plaintiff's Motion for Summary Judgment [37] and DENY Defendant's Cross-Motion for Summary Judgment [42].  An Order consistent with this Opinion will follow.

Date:   <u>April 19, 2007</u>                                    <u>                /s/                        </u>
                                                                          Alexander Williams, Jr.
                                                                          United States District Court Judge